**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> GREEN VALLEY SOUTH OWNERS ) <br> ASSOCIATION NO. 1; NEVADA ) <br> ASSOCIATION SERVICES, INC.; SFR ) <br> INVESTMENTS POOL 1, LLC, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:16-cv-00883-GMN-EJY <br><br> **ORDER** |

Pending before the Court is the Motion for Summary Judgment, (ECF No. 59), filed by Plaintiff Nationstar Mortgage LLC ("Plaintiff"). Defendant SFR Investments Pool 1, LLC ("SFR") filed a Response, (ECF No. 63), to which Plaintiff filed a Reply, (ECF No. 66).

Also pending before the Court is the Motion for Summary Judgment, (ECF No. 60), filed by SFR. Plaintiff filed a Response, (ECF No. 62), to which SFR filed a Reply, (ECF No. 67).

For the reasons discussed herein, Plaintiff's Motion for Summary Judgment is **GRANTED**, and SFR's Motion for Summary Judgment is **DENIED**.

**I.   BACKGROUND**

This case arises from the foreclosure on real property located at 137 Coventry Drive, Henderson, NV 89074 (the "Property"). (*See* Compl. ¶ 7, ECF No. 1). In 2007, Lloyd Q. Allen ("Borrower") obtained a loan from First Franklin Financial Corp. ("Franklin") in the amount of $303,000.00, secured by a deed of trust recorded on April 23, 2007. (*See* Deed of Trust, ECF No. 59-1). The deed of trust initially identified Franklin as the beneficiary. (*Id.*). U.S. Bank National Association ("U.S. Bank") later received the interest through an assignment.

(Assignment to U.S. Bank, ECF No. 59-2). U.S. Bank then assigned its interest to Bank of America, N.A. ("BANA"). (Assignment to BANA, ECF No. 59-3). After the events giving rise to the instant dispute, BANA assigned its interest to Plaintiff. (*See* Assignment to Nationstar, ECF No. 59-4).

On August 2, 2010, upon Borrower's failure to stay current on his loan obligations, Green Valley South Owners Association No. 1 ("HOA") initiated foreclosure proceedings on the Property through its agent, Nevada Association Services, Inc. ("NAS"). (*See* Notice of Delinquent Assessment Lien, ECF No. 59-5); (*see also* Notice of Default and Election to Sell, ECF No. 59-6). On June 30, 2011, NAS recorded a notice of trustee's sale, scheduling a public auction to take place on July 22, 2011. (*See* Notice of Foreclosure Sale, ECF No. 59-7).

On February 3, 2011, following the first notice of sale, BANA, through counsel, sent NAS a letter requesting a ledger identifying the superpriority portion of HOA's lien so that BANA could satisfy the balance. (*See* Accounting Request, Ex. 2 to Miles Bauer Aff., ECF No. 59-8). NAS responded by providing a statement of account reflecting an annual assessment of $98. (NAS Resp. Letter, Ex. 3 to Miles Bauer Aff., ECF No. 59-8). Based upon the record, BANA's counsel calculated HOA's superpriority lien amount—nine months of common assessments (three-fourths, or nine out of twelve months' worth, of the $98 annual amount)—and sent NAS a check for the total, $73.50, which NAS rejected. (*See* Tender Letter, Ex. 4 to Miles Bauer Aff., ECF No. 59-8); (*see also* Confirmation of Receipt, Ex. 5 to Miles Bauer Aff.). NAS proceeded with foreclosure and sold the Property to SFR for $4,900.00 on September 7, 2012. (*See* Foreclosure Deed, ECF No. 59-10).

Plaintiff filed the instant action on April 18, 2016, asserting the following causes of action arising from HOA's foreclosure and subsequent sale of the Property: (1) quiet title; (2) breach of NRS 116.1113; (3) wrongful foreclosure; and (4) injunctive relief. (Compl. ¶¶ 32–73,

ECF No. 1). Both Plaintiff and SFR filed competing summary-judgment Motions with respect to Plaintiff's claims, (ECF Nos. 59–60).

## II. **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case

on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50.

**III.    DISCUSSION**

Plaintiff argues that it is entitled to summary judgment on its quiet title claim because BANA's tender of $73.50 to NAS prior to the foreclosure sale discharged HOA's superpriority lien and protected Plaintiff's status as holder of the first deed of trust. (Pl. Mot. Summ. J. ("Pl. MSJ") 4:12–7:10, ECF No. 59). Plaintiff also asserts that the Property's grossly inadequate

sale price, coupled with other irregularities in the foreclosure process, render the foreclosure sufficiently unfair to warrant setting aside the sale on equitable grounds. (*Id.* 7:11–9:23).

SFR seeks summary judgment on Plaintiff's quiet title claim on the basis that Plaintiff is time-barred from challenging the sale. (SFR's Mot. Summ. J. ("SFR MSJ") 8:9–19:3). SFR alternatively argues that Plaintiff's claims fail under the Election of Remedies Doctrine because, by also seeking money damages, it is not entitled to declaratory relief against SFR. (*Id.* 19:4–20:8). Even if Plaintiff's claims do not seek inconsistent remedies, SFR argues that dismissal is appropriate because Plaintiff failed to name a necessary party, the Borrower, in its Complaint. (*Id.* 20:9–20:23). Finally, SFR argues that the foreclosure sale extinguished the deed of trust because the sale is presumptively valid, and Plaintiff's Lis Pendens should therefore be expunged. (*Id.* 20:24–24:11).

### *1) Statute of Limitations*

The Court first addresses SFR's statute of limitations arguments, because, if it is correct that Plaintiff's claims are time-barred by the three-year limitations period under NRS 11.190(3)(a), the Court need not proceed. The Court, having previously addressed this issue in similar matters, concludes that Plaintiff's quiet title claim is not time-barred.

The Court finds that Plaintiff's quiet title claim is governed by the five-year limitations period set forth in NRS 11.070, which applies to a "cause of action or defense to an action, founded upon title to real property." Nev. Rev. Stat. 11.070. A quiet title claim is reciprocal in nature as it "requests a judicial determination of all adverse claims to disputed property." *Del Webb Conservation Holding Corp. v. Tolman*, 44 F.Supp.2d 1105, 1110 (D. Nev. 1999) (citing *Clay v. Scheeline Banking & Trust Co.*, 159 P. 1081, 1082–83 (Nev. 1916)).

The adverse claims here are between Plaintiff, a lienholder, and SFR, a titleholder. The essence of Plaintiff's requested relief (a declaration as to the viability of the deed of trust) is necessarily a challenge to SFR's interest. *See Clay*, 159 P. at 1082 ("[O]ne of the essentials of a

good complaint in such an action is that [the plaintiff] must show that the defendants claim an interest in the property adverse to the plaintiffs."). Indeed, should Plaintiff obtain its requested remedy of invalidating the foreclosure sale, SFR would be divested of its title. Because the Court must adjudicate the competing interests here, including the asserted title interest, the action is founded upon title.[1]

For claims that arise from the non-judicial foreclosure of real property, the statute of limitations begins to accrue at the time of the foreclosure sale. *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank*, 388 P.3d 226, 232 (2017); *US Bank N.A. v. BDJ Invs., LLC*, No. 2-16-cv-00866-GMN-PAL, 2018 U.S. Dist. LEXIS 168657, 2018 WL 4705525, at *2 (D. Nev. Sept. 29, 2018); *Bank of Am., N.A. v. Antelope Homeowners' Ass'n*, No. 2:16-cv-00449-JCM-PAL, 2017 U.S. Dist. LEXIS 13092, 2017 WL 421652, at *3 (D. Nev. Jan. 30, 2017). Because the Complaint in this action was filed less than five years after the September 7, 2012 foreclosure sale, Plaintiff's quiet title claim is timely. (*See* Compl., ECF No. 1) (filed April 18, 2016).

### *2) Tender of the Superpriority Component of HOA's Lien*

Under NRS 116.3116, the holder of a first deed of trust may pay off the superpriority portion of an HOA lien to prevent the foreclosure sale from extinguishing the deed of trust. *See SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 414 (Nev. 2014). The superpriority portion of the lien consists of "the last nine months of unpaid HOA dues and maintenance and nuisance-

---

[1] The Nevada Supreme Court has yet to weigh in on which limitations period applies to a lienholder's quiet title claim. Consequently, there is an intra-District split as to whether lienholders have four or five years to bring quiet title actions. To the extent there is any ambiguity as to NRS 11.070, the Court finds application of that statute's longer limitations period aligns with Ninth Circuit's guidance on conflicting statutes of limitations. *See Fed. Deposit Ins. Corp. v. Former Officers & Directors of Metro. Bank*, 884 F.2d 1304, 1307 (9th Cir. 1989) ("[W]hen there is a 'substantial question' which of two conflicting statutes of limitations to apply, the court should apply the longer.") (quoting *Guam Scottish Rite Bodies v. Flores*, 486 F.2d 748, 750 (9th Cir. 1973) (applying longer statute of limitations when a claim had features of both an action in trespass and an action in ejectment)).

abatement charges," while the subpriority piece consists of "all other HOA fees or assessments." *Id.* at 411; *Horizons at Seven Hills Homeowners Ass'n v. Ikon Holdings, LLC*, 373 P.3d 66, 70–74 (Nev. 2016). "[A] first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). In addition to full tender of the superpriority amount, "valid tender must be unconditional, or with conditions on which the tendering party has a right to insist." *Id.*

Here, Plaintiff points to evidence indicating that at the time of NAS's recordation of the notice of delinquent assessment lien HOA's "annual" common assessments were $98. (*See* NAS Resp. Letter, Ex. 3 to Miles Bauer Aff., ECF No. 59-8). HOA's statement of account shows that HOA had not assessed any maintenance or nuisance abatement charges at the time of BANA's payment. (*Id.*). Thus, HOA's superpriority lien was limited to the sum of nine months' common assessments—three-fourths of the "annual" common assessments—totaling $73.50. (*See* Tender Letter, Ex. 4 to Miles Bauer Aff.); (*see also* Confirmation of Receipt, Ex. 5 to Miles Bauer Aff.). Finally, Plaintiff has introduced evidence that BANA sent NAS a check for $73.50, which NAS refused to accept. (*Id.*). Consequently, because BANA's payment satisfied HOA's superpriority lien, BANA's attempted payment cured the default as to that portion of HOA's lien. SFR does not attempt to create a factual dispute regarding Plaintiff's allegations. (*See* SFR MSJ, Statement of Undisputed Facts 3:12–7:16, ECF No. 60).

Therefore, HOA's foreclosure sale was invalid to the extent it caused the extinguishment of the deed of trust. While the sale remains intact, Plaintiff's deed of trust continues to encumber the Property and SFR's interest is subject to this encumbrance. In light of this holding, SFR cannot prevail even if the Court were to find it was a bona fide purchaser for value. *See Bank of Am.*, 427 P.3d at 121 ("Because a trustee has no power to convey an interest in land securing a note or other obligation that is not in default, a purchaser at a foreclosure sale

of that lien does not acquire title to that property interest."). Accordingly, Plaintiff's Motion for Summary Judgment is granted with respect to its quiet title claim; SFR's Motion as to the same is denied.

Because the Court limits Plaintiff's quiet title remedy to a declaration that the deed of trust continues to encumber the Property, there is no relief the Court can grant Plaintiff with respect to HOA and NAS.

### *3) Failure to Join Borrowers*

SFR moves for summary judgement on the basis that Plaintiff failed to join Borrower as a necessary party to this action. (SFR MSJ 20:9–23, ECF No. 60). SFR reasons that if the Court were to grant Plaintiff relief in the form of setting aside the foreclosure sale, Borrower's title interest will be impacted by such a determination. (*Id.* 20:21–23). Plaintiff responds that SFR's argument fails because the borrower is not a necessary party if the Court finds that BANA's tender preserved Plaintiff's deed of trust because the ruling would not impact borrower's rights in the property. (Pl. Resp. 11:1–9, ECF No. 62).

Under Federal Rule of Civil Procedure 19(a), a "person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B). If such a person "has not been joined as required, the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2).

As addressed above, the Court grants Plaintiff summary judgment on its quiet title claim and awards Plaintiff relief in the form of a declaration that its first deed of trust continues to encumber the Property. Because this remedy does not implicate Borrower's interest in the Property, Borrower is not a necessary party to this action.

### 4) Election of Remedies and Plaintiff's Remaining Claims for Breach of NRS 116.1113, Wrongful Foreclosure, and Injunctive Relief

In its prayer for relief, Plaintiff primarily seeks an "order declaring that SFR purchased the property subject to Plaintiff's senior deed of trust." (*See* Compl. 13:23–24, ECF No. 1). The other relief requested—with the exception of injunctive relief—is phrased in the alternative. (*See id.* 13:25–28). Therefore, because the Court grants Plaintiff summary judgment on its quiet title claim, Plaintiff has received the relief it requested, and it does not request any allegedly "inconsistent" remedy. Accordingly, the Court dismisses Plaintiff's second and third causes of action for breach of NRS 116.1113 and wrongful foreclosure, respectively. With regard to Plaintiff's requests for a preliminary injunction pending a determination by the Court concerning the parties' respective rights and interests, the Court's grant of summary judgment for Plaintiff moots these claims, and they are therefore dismissed.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 59), is **GRANTED** consistent with the foregoing.

**IT IS FURTHER ORDERED** that SFR's Motion for Summary Judgment, (ECF No. 60), is **DENIED**.

The Clerk of Court shall enter judgment accordingly and close the case.

**DATED** this __30__ day of September, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court